IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TONY VON CARRUTHERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| FRANK STRADA, in his official | ) | |
| capacity as Tennessee's | ) | |
| Commissioner of Correction, and | ) | **CAPITAL CASE** |
| | ) | **EXECUTION DATE:** |
| KENNETH NELSEN, Warden, | ) | **MAY 21, 2026** |
| Riverbend Maximum Security | ) | |
| Institution, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## COMPLAINT

Plaintiff Tony Von Carruthers, by and through his counsel, hereby files his Complaint requesting this Court enforce his constitutional rights and issue declaratory and injunctive relief under 42 U.S.C. § 1983 as well as the Eighth and Fourteenth Amendments to the U.S. Constitution by ordering Defendants to refrain from performing his execution in a manner inconsistent with the United States Constitution and statutory law.

## **JURISDICTION**

1.     Federal question jurisdiction over this matter arises under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, and 28 U.S.C. § 2202.

1

## VENUE

2. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. § 1391(b) as plaintiff Tony Von Carruthers is currently located in Riverbend Maximum Security Institution in Nashville, Tennessee.

## THE PARTIES

3. Plaintiff Tony Von Carruthers is a United States citizen and resident of the State of Tennessee. His execution was scheduled for 10:00 AM CT on May 21, 2026. He is currently being held in the custody of defendants at the Riverbend Maximum Security Institution in Nashville, Tennessee.

4. Defendant Frank Strada is the Commissioner of the Tennessee Department of Correction ("TDOC"), which has its headquarters in Nashville, Tennessee. Mr. Strada is responsible for overseeing operations at the Tennessee Department of Correction and for ensuring that all executions are carried out in compliance with the United States Constitution.

5. Defendant Kenneth Nelsen is the Warden of Riverbend Maximum Security Institution in Nashville, Tennessee, where the State of Tennessee conducts its executions by lethal injection. Warden Nelson is responsible to administer the lethal injection.

6. Defendants are being sued in their official capacities. The named defendants are United States citizens and residents of Tennessee.

2

7.      Mr. Carruthers was scheduled to be executed on May 21, 2026, pursuant to Tennessee's currently operative protocol governing lethal injection. Ex. 1 ("2025 Lethal Injection Protocol").

8.      The 2025 Lethal Injection Protocol requires that if the IV team is unable to establish peripheral IV access, the Physician (contracted by TDOC) is required to establish a central IV line. Ex. 1 at 8, 20.

9.      TDOC's Physician for the execution of Tony Carruthers is Dr. Mark Fowler—whose name was previously disclosed by the Warden of Riverbend Maximum Security Institution during the execution of Byron Black and was stated by Dr. Fowler himself, in front of media witnesses, according to an attorney witness, during the ongoing execution of Mr. Carruthers. Ex. 3 ("Declaration by Amy Harwell").

10.     Dr. Fowler was previously deposed by attorneys for the Federal Public Defenders for the Middle District of Tennessee as part of *Burns v. Strada*, No. 25-0414-IV, in Davidson County Chancery Court.

11.     Dr. Fowler admitted under oath that he is not qualified to establish a central IV line. Ex. 2 at 68. He stated that he does not have any hospital privileges anywhere in the country. *Id.* at 13. He stated that he has not established a central IV line since 2013. *Id.* at 32. He stated that of the dozen or so central IVs he has placed in the past, he botched one of them. *Id.* He stated that he prefers to establish a central IV in the subclavian vein, using the manual landmark method, not with an

3

ultrasound, as is the standard of care. *Id.* at 29–30. The subclavian vein is the most dangerous vein in which to establish central IV access.

12. An attorney witness to the ongoing execution of Mr. Carruthers stated that, notwithstanding his lack of qualifications, Dr. Fowler attempted to establish a central IV line in Mr. Carruthers' chest—most likely in his subclavian vein. Ex. 3.

13. An improperly placed central IV line can cause a person to bleed to death. Kornbau et al., *Central line complications*, 3 Int. J. Crit. Illn. Inj. Sc. (2015) 5, 170–178.

14. The 2025 Protocol does not provide for TDOC to re-attempt to establish peripheral IV access after an attempt to establish a central IV line has failed. Ex. 1 at 20.

## **CLAIM**

### *42 U.S.C. § 1983*

15. The Eighth Amendment forbids the State of Tennessee from executing any person in a manner posing an "'objectively intolerable risk of harm' that qualifies as cruel and unusual." *Baze v. Rees*, 553 U.S. 35, 50 (2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1994)). A risk is "objectively intolerable" if the underlying harm is either "sure" or "very likely" to occur. *Glossip v. Gross*, 576 U.S. 863, 875 (2015). Whether a particular harm qualifies as cruel and unusual typically depends on two factors: (1) its severity; and (2) the extent to which it is over and above the injuries inherent to the sentence—that is, whether the harm is incidental, like the natural fear of an upcoming execution, or is "superadded," like the harm resultant

4

from being killed in a needlessly torturous manner. *See id.* at 48 (quoting *Wilkerson v. Utah*, 99 U.S. 130, 135 (1878)).

16. Defendants, acting under color of law, have subjected and intend to further subject Mr. Carruthers to cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments, by repeatedly failing to establish peripheral IV access and by having an unqualified medical professional attempt to establish central IV line access.

## **PRAYER FOR RELIEF**

17. This Court must immediately enjoin TDOC from continuing to attempt to execute Mr. Carruthers through intravenous methods unless performed by an individual established on the record to be qualified, licensed, and presently authorized by a legitimate medical facility to establish a central IV line and require Defendants to permit a physician designated by Mr. Carruthers to observe the execution.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER FOR
THE MIDDLE DISTRICT OF
TENNESSEE
CAPITAL HABEAS UNIT

AMY D. HARWELL
First Assistant Federal Public Defender
Acting Chief, Capital Habeas Unit

Marshall A. Jensen
Samantha N. Barry

5

Elijah W. Swiney
Drew S. Brazer
Kit Thomas
Katherine Dix
Asst. Federal Public Defenders

164 Rosa L. Parks Blvd
Nashville, TN 37203
Phone:  (615) 736-5047
Fax:     (615) 736-5265
Email:   Amy_Harwell@fd.org

BY: */s/ Amy D. Harwell*

## CERTIFICATE OF SERVICE

I, Amy D. Harwell, certify that on May 21, 2026, a true and correct copy of the foregoing was served via the court's electronic filing system to opposing counsel, Will Ayers, Assistant Attorney General.

*/s/ Amy D. Harwell*

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Amy D. Harwell*

6