| | |
|---|---|
| **DONALD MIDDLEBROOKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **NO. 3:19-cv-01139** |
| **v.** | ) |
| | )    **JUDGE CAMPBELL** |
| **LISA HELTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## PRESERVATION ORDER

Pending before the Court is Plaintiff Donald Middlebrooks' Motion to Temporarily Reopen Case and to Issue Order for Preservation of Evidence. (Doc. No. 64). Defendants filed a response in opposition. (Doc. No. 74). Plaintiff filed a Reply (Doc. No. 76) and Proposed Order (Doc. No. 76-1).

Defendants acknowledge that they have a duty to preserve discoverable evidence, and argue that that a preservation order is, therefore, unnecessary. They further contend that the evidence Plaintiff requests be preserved is overbroad and unduly burdensome. The Court finds these objections without merit. Further, considering the history of this action and the recent personnel changes within the Department of Correction, Plaintiff's motion is well-taken. Accordingly, the Court **ORDERS** as follows:

1.      Cases 3:19-cv-01139 and 3:18-cv-01234 are temporarily reopened for purposes of this Order. They will be administratively closed following the issuance of this Order, under parameters that will be set-forth in a separate order.

2. For purposes of this Order, "evidence" includes all evidence stored in any format, including but not limited to paper, physical, electronic, digital, analog, video, or photographic, that may be relevant to this litigation as currently pled, or that may be relevant to future litigation regarding Tennessee's protocols, procedures and processes for executing persons sentenced to death.

3. The Defendants in this cause shall preserve all evidence as defined above and shall take special care so that any automatic deletion or overwriting functions do not destroy relevant evidence.

4. Defendants shall preserve evidence that they believe is not subject to disclosure due to privilege or other protection. Objections to the disclosure of such evidence may be addressed if and when this case proceeds to discovery.

5. Defendants shall preserve all evidence that was generated, received, and/or maintained by former employees of Defendants. That is, files, cell phones and computers belonging to former employees should not have their contents deleted as part of the regular course of business. Similarly, text messages, emails, and other electronic communications sent or received by such former employees should be preserved.

6. This Order should be construed broadly. The types of information and communication that must be preserved include but are not limited to papers, documents, faxes, letters, databases, photos, videos, recordings, emails, and all other electronic communications including those made with systems such as Basecamp, Facebook, iChat, Microsoft Teams, Signal, Slack, Telegram, traditional text messages, Twitter, WhatsApp,

2

and similar methods of communication.

It is so **ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

3